UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TIMOTHY PARKER,

        Petitioner,        Case No. 1:16-cv-911

v.        Honorable Gordon J. Quist

CARMEN PALMER,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

    This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner Timothy Parker is incarcerated at the Michigan Reformatory in Ionia, Michigan. On May 29, 2013, a Muskegon County Circuit Court jury, after ninety minutes of testimony from two witnesses and about forty-five minutes of deliberation, convicted Petitioner of armed robbery, MICH. COMP. LAWS § 750.529. On June 28, 2013, the court sentenced Petitioner as a habitual offender-fourth offense, MICH. COMP. LAWS § 769.12, to sixteen to 35 years imprisonment.

    Petitioner appealed his convictions to the Michigan Court of Appeals, which affirmed the trial court by unpublished opinion dated November 25, 2014. *People v. Parker*, No. 317413, 2014 WL 6679276 (Mich. Ct. App. Nov. 25, 2014). Petitioner applied for leave to appeal to the Michigan Supreme Court. On May 28, 2015, that

court denied leave. *People v. Powell*, 863 N.W.2d 48 (Mich. 2015). Petitioner did not file a petition for writ of certiorari in the United States Supreme Court.

On July 16, 2016, Petitioner filed his petition for writ of habeas corpus in this Court raising one issue:

> THERE WAS AND IS INSUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION FOR ARMED ROBBERY, BECAUSE (l) THERE WAS NO EVIDENCE THAT DEFENDANT WAS "ARMED" UNDER THE STATUTE, AND (2) NO EVIDENCE THAT KYMBERLEE BUTLER WAS PUT IN FEAR BY THE THREAT OF A WEAPON. DEFENDANT'S CONVICTION MUST THEREFORE BE VACATED AS A VIOLATION OF DUE PROCESS. U.S. CONST. AM. XIV.

(Pet., ECF No. 1, PageID.3.) On March 2, 2017, Respondent filed an answer to the petition, (ECF No. 10), along with the state-court record, pursuant to Rule 5, Rules Governing § 2254 Cases, (ECF No. 11). Respondent contends that the petition has no merit. Upon review and applying the standards required by the Antiterrorism and Effective Death Penalty Act of 1996, PUB. L. 104-132, 110 STAT. 1214 (AEDPA), I find that Petitioner's claims are without merit. Accordingly, I recommend that the petition be denied.

## Factual background

The Michigan Court of Appeals offered a concise synopsis of the facts underlying Petitioner's criminal prosecution:

> On October 20, 2012, defendant entered a gas station and attempted to purchase a beer using a credit or debit card. When his card was declined, defendant told the store clerk, Kymberlee Butler, that this was "a holdup" and that she needed to open the cash register. He put his right hand in his sweatshirt pocket and pointed it at Butler's midsection. After Butler told defendant that she was not opening the register, he made his way around the counter toward her. Defendant continued to tell Butler that

> it was a holdup and that she needed to open the register, but Butler continued to refuse. After shoving defendant back twice, Butler reached for her phone and defendant fled. Defendant was recorded on the store's surveillance video system, and was apprehended by police.

*Parker*, 2014 WL 6679276 at *1.

At Petitioner's May 29, 2013, trial, the store clerk and the store manager testified. The prosecutor introduced images of the robbery from the store's surveillance system. Petitioner did not testify.

## Discussion

### I.   AEDPA standard

This action is governed by the AEDPA. *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult

to meet." *Woods v. Donald*, 575 U.S. \_\_, 135 S. Ct. 1372, 1376 (2015) (internal quotation marks omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 135 S. Ct. 1, 3 (2014); *Bailey*, 271 F.3d at 655. Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 132 S. Ct. 38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 132 S. Ct. at 44).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law

beyond any possibility for fairminded disagreement.'" *Woods*, 2015 WL 1400852, at *3 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. ___, 134 S. Ct. 1697, 1705 (2014) (quotations marks omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

    II.    <u>Sufficiency of the evidence</u>

Petitioner contends that the proofs fell short in two respects. First, he claims the prosecutor failed to show that Petitioner was armed. Second, he argues that Kymberlee Butler was never put in fear by the threat of a weapon.

A § 2254 challenge to the sufficiency of the evidence is governed by the standard set forth by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), which is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond

a reasonable doubt." This standard of review recognizes the trier of fact's responsibility to resolve reasonable conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id.* Issues of credibility may not be reviewed by the habeas court under this standard. *See Herrera v. Collins*, 506 U.S. 390, 401-02 (1993). Rather, the habeas court is required to examine the evidence supporting the conviction, in the light most favorable to the prosecution, with specific reference to the elements of the crime as established by state law. *Jackson*, 443 U.S. at 324 n.16; *Allen v. Redman*, 858 F.2d 1194, 1196-97 (6th Cir. 1988).

The *Jackson v. Virginia* standard "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. Moreover, because both the *Jackson* standard and AEDPA apply to Petitioner's claims, "'the law commands deference at two levels in this case: First, deference should be given to the trier-of-fact's verdict, as contemplated by *Jackson*; second, deference should be given to the Michigan [trial court's] consideration of the trier-of-fact's verdict, as dictated by AEDPA.'" *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc) (quoting *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008)). This standard erects "a nearly insurmountable hurdle" for petitioners who seek habeas relief on sufficiency-of-the-evidence grounds. *Id.* at 534 (quoting *United States v. Oros*, 578 F.3d 703, 710 (7th Cir. 2009)).

The Michigan Court of Appeals, although relying upon state authority, applied the *Jackson* standard in resolving Petitioner's appeal:

> In reviewing the sufficiency of the evidence, this Court must view the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v. Reese*, 815 N.W.2d 85, 92 (Mich. 2012). However, we do not interfere with the factfinder's role of determining the weight of evidence or the credibility of witnesses. *People v. Wolfe*, 489 N.W.2d 748, 751 (Mich. 1992). It is for the trier of fact rather than this Court to determine what inferences can be fairly drawn from the evidence and to determine the weight to be accorded to the inferences. *People v. Hardiman*, 646 N.W.2d 158, 165 (Mich. 2002). The prosecution need not negate every reasonable theory of innocence, but must only prove its own theory beyond a reasonable doubt in the face of whatever contradictory evidence the defendant provides. *People v. Nowack*, 614 N.W.2d 78, 81-82 (Mich. 2000). Circumstantial evidence and the reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of the crime. *People v. Carines*, 597 N.W.2d 130, 135 (Mich. 1999). We resolve all conflicts in the evidence in favor of the prosecution. *People v. Kanaan,* 751 N.W.2d 57, 72 (Mich. Ct. App. 2008).

*Parker*, 2014 WL 6679276 at *1 (parallel citations omitted). Thus, the state appellate court applied a standard that was consistent with clearly established federal law.

The sufficiency standard "must be applied with explicit reference to the substantive elements of the criminal offense *as defined by state law.*" *Jackson*, 443 U.S. at 324 n. 16 (emphasis added). The Michigan Court of Appeals defined the substantive elements of Petitioner's offense as follows:

The "armed robbery" statute, MICH. COMP. LAWS § 750.529, provides:

> A person who engages in conduct proscribed under [MICH. COMP. LAWS § 750.530] and who in the course of engaging in that conduct, possesses a dangerous weapon or an article used or

fashioned in a manner to lead any person present to reasonably believe the article is a dangerous weapon, or who represents orally or otherwise that he or she is in possession of a dangerous weapon, is guilty of a felony . . . .

MICH. COMP. LAWS § 750.530 is the "robbery" statute. It provides:

(1) A person who, in the course of committing a larceny of any money or other property that may be the subject of larceny, uses force or violence against any person who is present, or who assaults or puts the person in fear, is guilty of a felony. . . .

(2) As used in this section, "in the course of committing a larceny" includes acts that occur in an attempt to commit the larceny, or during commission of the larceny, or in flight or attempted flight after the commission of the larceny, or in an attempt to retain possession of the property.

The "armed robbery" statute, MICH. COMP. LAWS § 750.529, thus incorporates the "robbery" statute, MICH. COMP. LAWS § 750.530, and adds additional elements to satisfy the "armed" component of armed robbery. In *People v. Chambers*, 742 N.W.2d 610, 614 (Mich. Ct. App. 2007), this Court thus articulated the combined elements of armed robbery by first referencing the "robbery" components (that derive from MICH. COMP. LAWS § 750.530), and then referencing the "armed" components (that derive from MICH. COMP. LAWS § 750.529):

(1) the defendant, in the course of committing a larceny of any money or other property that may be the subject of a larceny, used force or violence against any person who was present or assaulted or put the person in fear, and (2) the defendant, in the course of committing the larceny, either possessed a dangerous weapon, possessed an article used or fashioned in a manner to lead any person present to reasonably believe that the article was a dangerous weapon, or represented orally or otherwise that he or she was in possession of a dangerous weapon.

Defendant does not dispute that the elements of "robbery" are satisfied in this case, nor could he based on the evidentiary record. Indeed, defendant acknowledges that a "larceny" includes an unsuccessful attempt, *People v. Williams*, 814 N.W.2d 270, 279-80 (Mich. 2012), and concedes that he made physical contact with Butler, that he "came around the counter" toward Butler,

>and that she "began to feel cornered" and "concerned." Indeed, Butler testified that she was afraid when, after she refused to open the register, defendant moved behind the counter and approached her. Further, Butler also testified that defendant grabbed her wrist when she pushed him away the second time. Viewing the evidence in the light most favorable to the prosecution, *Reese*, 815 N.W.2d at 92, a rational trier of fact could find that defendant put Butler in fear or assaulted her. *See People v. Gardner*, 265 N.W.2d 1, 7 (Mich. 1978) (defining criminal assault as "either an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery") (quotation marks and citations omitted).

*Parker*, 2014 WL 6679276 at *1 (parallel citations omitted).

The United States Supreme Court has "repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). State courts are the "ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). What is essential to establish an element of a crime, like the question whether a given element is necessary, is a question of state law, of which federal habeas review is not available. *See Sanford v. Yukins*, 288 F.3d 855, 862 (6th Cir. 2002).

A federal court on habeas review must distinguish a sufficiency of evidence claim from state law claims which are disguised as *Jackson* claims. *Sanford*, 288 F.3d at 862 (citing *Bates v. McCaughtry*, 934 F.2d 99, 103 (7th Cir. 1991)). In *Thompson v. Bock*, 215 F. App'x 431, (6th Cir. 2007), the Sixth Circuit provided further guidance in this

regard, distinguishing pure sufficiency claims from state law claims disguised as *Jackson* claims:

> There is a tension inherent in sufficiency of the evidence claims where the underlying conviction is a violation of state law. Generally speaking, federal habeas corpus is not the proper vehicle for state prisoners to seek review of issues of state law. State courts, after all "are the final arbiters of the [state] law's meaning and application" and this Court is not the appropriate forum to adjudicate such issues. *Summers v. Leis*, 368 F.3d 881, 892 (6th Cir. 2004) (alteration added). However, a habeas claim for sufficiency of the evidence does not request a federal court to review the correctness of state law, but instead, to review the evidence to insure that the due process guarantees of the Fourteenth Amendment have not been abridged by a state law conviction. Thus, while the Supreme Court has instructed us to conduct our habeas review "with explicit reference to the substantive elements of the criminal offense as defined by the state law," our role is not to reanalyze the state court's interpretation of state law. *Jackson*, 443 U.S. at 324, n. 16, 99 S. Ct. 2781. Rather, our review in such cases is limited to determining whether the evidence was so overwhelmingly in favor of the petitioner that it compelled a verdict in his or her favor. Further, relief is only available when the decision results in an objectively unreasonable application of federal law. *Taylor*, 529 U.S. at 409, 120 S. Ct. 1495. In other words, we may only review the state court decision to determine whether there was an unreasonable application of federal law, not simply an incorrect application of federal law.

*Thompson*, 215 F. App'x at 436.

On their face, both of Petitioner's challenges appear to be *Jackson* "sufficiency" claims. Closer scrutiny of the court of appeals' resolution of Petitioner's challenges reveals that they are actually state statutory interpretation claims:

> Defendant's argument . . . is that the additional components of armed robbery, as set forth in MICH. COMP. LAWS § 750.529, are not satisfied because there was no evidence that he was "armed" or that Butler was put in fear by the threat of a weapon. Defendant acknowledges, however, that he need not have been "armed," in the sense of actually possessing a dangerous weapon, in order to satisfy the "armed" component of MICH.

COMP. LAWS § 750.529. His two stated contentions thus blend into a single argument, i.e., that that he was not "armed" because Butler was not put in fear "of a weapon."

As defendant properly recognizes, MICH. COMP. LAWS § 750.529 articulates the requirements of the "armed" component of armed robbery as 3 disjunctive alternatives. Defendant must either: (1) "possess[ ] a dangerous weapon"; or (2) "possess . . . an article used or fashioned in a manner to lead any person present to reasonably believe the article is a dangerous weapon"; or (3) "represent [ ] orally or otherwise that he . . . is in possession of a dangerous weapon." *Id.*

Neither party contends that the first alternative was satisfied, nor does the record reflect any evidence that defendant in fact "possess[ed] a dangerous weapon." Defendant posits that the second alternative also was not satisfied because Butler saw defendant put his finger in the pocket of his sweatshirt before declaring a "holdup," and that she did not believe that defendant possessed a dangerous weapon. Defendant thus implicitly argues that, although he may have "used or fashioned" his finger in a manner to lead others to believe that it was a dangerous weapon, such a belief would not have been "reasonable," under MICH. COMP. LAWS § 750.529, because Butler subjectively believed otherwise.

MICH. COMP. LAWS § 750.529 does not, however, establish a test based on subjective belief; rather, the test under the second alternative of MICH. COMP. LAWS § 750.529 is an objective one, i.e., whether defendant acted "in a manner to lead any person present to reasonably believe" he possessed a dangerous weapon. But even assuming that Butler could not "reasonably believe" that defendant possessed a dangerous weapon unless she subjectively believed it, the evidence in that regard is not as definitive as defendant suggests.

A belief that someone possesses a dangerous weapon can be induced by shaping one's hand to look like a gun covered by clothing. *See People v. Taylor*, 628 N.W.2d 55, 60-61 (Mich. Ct. App. 2001). Our Supreme Court has stated that "an object pointing out from under a coat, together with statements threatening a victim with being shot, clearly satisfies the statutory definition of armed robbery." *People v. Jolly*, 502 NW2d 177, 181 (Mich. 1993). In this case, defendant announced that this was a "holdup" and demanded that Butler open the cash register; he coupled this demand with placing his hand in the pocket of his sweatshirt and pointing it out toward Butler. A "holdup" is generally understood to

indicate a robbery with a gun. *See Taylor*, 628 N.W.2d at 61 (stating that "the phrase 'this is a stick up' is universally understood to indicate the presence of a weapon"); *Random House Webster's College Dictionary* (2000) (defining a "holdup" as "a robbery of a person at gunpoint"). Butler, although she initially testified that she thought defendant was joking, also testified that defendant was pointing his hand "like simulating that he had a gun or that he had something in his pocket," and she agreed that she did not know whether defendant had a weapon. In reference to still images from the store surveillance cameras, Butler described one photo as depicting defendant having "his hand pointed at me or something in his pocket pointed towards me." As stated above, she also testified that she was afraid when defendant began to move around the counter. Although some portions of Butler's testimony arguably support a different inference, we conclude, viewing the evidence in the light most favorable to the prosecution, *Reese*, 815 N.W.2d at 92, that a rational trier of fact could find that Butler reasonably believed that defendant possessed a dangerous weapon. *Kanaan*, 751 N.W.2d at 72.

More significantly, we find that the evidence satisfied the third alternative of MICH. COMP. LAWS § 750.529. That is, even if Butler did not subjectively or reasonably believe that defendant had a gun, the evidence was sufficient to enable a rational trier of fact to determine that defendant represented, orally or otherwise, that he was in possession of a dangerous weapon. MICH. COMP. LAWS § 750.529. Contrary to defendant's position, Butler's belief is not relevant to whether defendant represented orally or otherwise that he was in possession of a dangerous weapon. Nothing in the language of the third alternative prong of armed robbery statute, MICH. COMP. LAWS § 750.529, requires that a defendant's representation be believed. *See People v. Mattoon*, 721 NW2d 269, 271 (Mich. Ct. App. 2006) (declining to "read into" a penal statute a requirement not expressed by the Legislature). Nor does it require that Butler have been put in fear of a weapon. As stated above, defendant used the word "holdup," which is commonly associated with armed robbery with a firearm. *See Taylor*, 628 N.W.2d at 61. He additionally acted to feign possession of a gun pointed at Butler from inside the pocket of his sweatshirt. Accordingly, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find beyond a reasonable doubt that, by his words and conduct, defendant had orally or otherwise represented that he was in possession of a dangerous weapon. *Reese*, 815 N.W.2d at 92. The elements of armed robbery were therefore satisfied.

*Parker*, 2014 WL 6679276 at *1 (footnote and parallel citations omitted).

Petitioner's argument is premised on the claim that the prosecutor failed to present sufficient evidence that Petitioner put the store clerk in fear of a weapon. The Michigan Court of Appeals concluded that armed robbery does not require that element.

To the extent Petitioner is claiming that it should be an element, that is an issue of state law that is not cognizable on habeas review. Although it may seem unfair that pretending to have a gun constitutes armed robbery even when the victim is pretty sure there is no gun, that is the law in the State of Michigan.

To the extent Petitioner contends there was insufficient evidence that "by his words and conduct, [Petitioner] . . . orally or otherwise represented that he was in possession of a dangerous weapon[,]" he is simply wrong. The state appellate court's determination in that regard is reasonable on this record. Petitioner has failed to show that the state appellate court's decision is contrary to, or an unreasonable application of clearly established federal law. He has also failed to show that the state court's factual determinations are unreasonable. Accordingly, he is not entitled to habeas relief.

## Certificate of Appealability

Even though I have concluded that Petitioner's habeas petition should be denied, under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket

denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467.

I have examined each of Petitioner's claims under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

I find that reasonable jurists could not conclude that this Court's denial of Petitioner's claims would be debatable or wrong.  Therefore, I recommend that a certificate of appealability should be denied.

### Recommended Disposition

For the foregoing reasons, I respectfully recommend that the habeas corpus petition be denied.  I further recommend that a certificate of appealability be denied.

Dated:   July 5, 2017              /s/  Phillip J. Green              
                                   PHILLIP J. GREEN
                                   United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).