UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

TIMOTHY PARKER,

    Petitioner,                Case No. 1:16-CV-911

v.                                      HON. GORDON J. QUIST

CARMEN PALMER,

    Respondent.
_____/

# ORDER ADOPTING
# REPORT AND RECOMMENDATION

Petitioner, Timothy Parker, filed a petition for writ of habeas corpus raising one issue—whether his conviction for armed robbery, in violation of M.C.L. § 750.529, was supported sufficient evidence. On July 5, 2017, Magistrate Judge Phillip J. Green issued a Report and Recommendation ( R & R) recommending that the Court deny Petitioner's petition for writ of habeas corpus. Applying the standard enunciated in *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781 (1979), the magistrate judge concluded the state court's determination that Petitioner's armed robbery conviction was supported by sufficient evidence was reasonable and neither contrary to, nor an unreasonable application of, clearly establish law from the United States Supreme Court. (R & R at 13.) The magistrate judge further concluded that, to the extent Petitioner takes issue with the Michigan Court of Appeals' explication of state law, Petitioner fails to present an issue for habeas review. (*Id.* at 9–10, 13.)

Petitioner has filed an Objection to the R & R. Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Petitioner's Objection,

and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Based on its de novo review, the Court concurs with the magistrate judge's determination that the Michigan Court of Appeals reasonably applied the *Jackson* standard to conclude that the prosecution presented sufficient evidence on each of the elements to support Petitioner's conviction. The Court notes that Petitioner's Objection focuses almost exclusively on the Michigan Court of Appeals' interpretation of state law. As the magistrate judge explained in the R & R, it is not the province of a federal habeas court to determine the elements of a state-law offense. *See Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S. Ct. 475, 480 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal habeas court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Petitioner cites no case from the United States Supreme Court to the contrary.[1] Accordingly, Petitioner's Objection will be overruled.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be

---

[1] Petitioner cites *Cole v. Arkansas*, 333 U.S. 196, 68 S. Ct. 514 (1948), for the proposition that his conviction under Michigan's armed robbery statute was contrary to the notice and procedure requirements of the Due Process Clause. (ECF No. 13 at PageID.500.) The Court in *Cole* held that the petitioners' due process rights were violated because the Arkansas Supreme Court affirmed their convictions based on a section of a criminal statute that was not the section under which the petitioners had been charged and convicted. *Id.* at 197–98, 68 S. Ct. at 515. The Court observed that "[n]o principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal." *Id.* at 201, 68 S. Ct. at 517. *Cole* is not applicable in this case because Petitioner does not allege that his conviction was affirmed under a statute that was not the statute that formed the basis for his charge and conviction. In any event, Petitioner did not exhaust such a claim in state court.

considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claim under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued July 5, 2017 (ECF No. 12) is **APPROVED AND ADOPTED** as the Opinion of this Court. Petitioner's Objection (ECF No. 13) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

This case is **concluded**.

A separate judgment will enter.

Dated: August 2, 2017                      /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE